IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:08-CR-18-FL-1
NO. 5:09-CV-390-FL

| | |
|---|---|
| SCOTT ALEXANDER COCHRANE, ) | |
| ) | |
| Petitioner, ) | |
| ) | **MEMORANDUM AND** |
| v. ) | **RECOMMENDATION** |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |

This matter comes before the court on the government's Fed. R. Civ. P. 56 motion for summary judgment[1] (DE-51) on the claims raised in *pro se* petitioner's motion to vacate, set aside, or correct his sentence filed pursuant 28 U.S.C. § 2255 ("motion to vacate") (DE-48)[2]. Petitioner has responded to this motion (DE-53) and the government has filed a reply (DE-54). Accordingly, the matter is now ripe for adjudication. For the following reasons, it is **HEREBY RECOMMENDED** that the government's motion for summary judgment (DE-51) be **GRANTED** and Petitioner's Motion to Vacate (DE-48) be **DENIED**.

### I. Background

Petitioner plead guilty pursuant to a signed memorandum of plea agreement filed on June

---

[1] The government styles its motion as a motion to dismiss petitioner's § 2255 or in the alternative a motion for summary judgment. Because both parties have attached affidavits, the court will treat this motion as a motion for summary judgment. See Fed. R. Civ. P 12(d) "[i]f on a motion . . . [to dismiss] . . . matters outside the pleading are presented to and not excluded by the court, the motion must be treated as one for summary judgment."

[2] Docket entry numbers correspond to case number 5:08-CR-18-FL-1.

1

3, 2008 to the charge of felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1) and 924. The memorandum of plea agreement states in pertinent part that:

> [t]his [m]emorandum constitutes the full and complete record of the [p]lea [a]greement . . . [d]efendant agrees: [t]o plead guilty to the [i]ndictment herein . . . [t]o waive knowingly and expressly all rights, conferred by 18 U.S.C. § 3742, to appeal whatever sentence is imposed, including any issues that relate to the establishment of the advisory [g]uideline range, reserving only the right to appeal from a sentence in excess of the applicable advisory [g]uideline range that is established at sentencing, and further to waive all rights to contest the conviction or sentence in any post-conviction proceeding, including one pursuant to 28 U.S.C. § 2255, excepting an appeal or motion based upon grounds of ineffective assistance of counsel or prosecutorial misconduct not known to the [d]efendant at the time of the [d]efendant's guilty plea . . . .

(DE-34, pg. 1-9).

On September 11, 2008, petitioner was sentenced as an armed career criminal to a 188 month term of imprisonment (DE-42). Petitioner did not appeal his conviction. Petitioner's motion to vacate was timely filed on September 1, 2009 (DE-48).

## II. Discussion

Under Rule 56 of the Federal Rules of Civil Procedure, summary judgment shall be granted:

> against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial . . . since a complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial.

Celotex Corporation v. Catrett, 477 U.S. 317, 322-323 (1986).

Summary judgment is appropriate when there exists no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c); Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247 (1986). The party seeking summary judgment bears the burden of initially coming forward and demonstrating the absence of a genuine issue of material

fact. Celotex, 477 U.S. at 317; Ross v. Communications Satellite Corp., 759 F.2d 355, 364 (4th Cir. 1985). Specifically, the moving party bears the burden of identifying those portions of "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits" that the moving party believes demonstrate an absence of any genuine issues of material fact. Celotex, 477 U.S. at 323. Once the moving party has met its burden, the non-moving party must then affirmatively demonstrate that there is a genuine issue which requires trial. Matsushita Electrical Industrial Co., Ltd. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986). As a general rule, the non-movant must respond to a motion for summary judgment with affidavits, or other verified evidence, rather than relying on his complaint or other pleadings. Celotex, 477 U.S. at 324; see also, Williams v. Griffin, 952 F.2d 820, 823 (4th Cir. 1991).

In the summary judgment determination, the facts and all reasonable inferences must be viewed in the light most favorable to the non-movant. Anderson, 477 U.S. at 255. It is well established that any analysis of the propriety of summary judgment must focus on both the materiality and genuineness of the fact issues. Ross, 759 F.2d at 364. The mere existence of some alleged factual dispute between the parties will not defeat a motion for summary judgment. Anderson, 477 U.S. at 247-48. A fact is material only when its resolution affects the outcome of the case. Id. at 248. A dispute about a material fact is genuine if the evidence is such that a reasonable jury could return a verdict for the nonmoving party. Id.

Title 28 U.S.C. § 2255 requires a petitioner to prove by a preponderance of the evidence that his "sentence was imposed in violation of the Constitution or laws of the United States, or that the Court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law." 28 U.S.C. § 2255(a). In his motion to vacate, petitioner asserts that he received ineffective assistance of counsel.

To prove ineffective assistance of counsel, a petitioner must satisfy the familiar requirements of Strickland v. Washington, 466 U.S. 668, 687 (1984). The petitioner must initially prove that his counsel's performance was objectively unreasonable. In undertaking this inquiry, [j]udicial scrutiny of counsel's performance must be highly deferential . . . The petitioner must also demonstrate that prejudice resulted from counsel's errors. To establish prejudice, he must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome.

Campbell v. Polk, 447 F.3d 270, 279 (4th Cir. 2006) (internal citations omitted) (internal quotations omitted).

**A. Failure to present evidence**

Petitioner claims that his counsel was ineffective at the pretrial, plea agreement, and sentencing proceedings. Specifically, petitioner claims that his counsel did not present evidence to support his objections to the armed career enhancement. In his handwritten affidavit, petitioner asserts that he provided his counsel evidence that could have shown an error in the courts "characterization" of him as a career offender, and that his counsel failed to present this evidence to the court. However, the record clearly indicates that counsel presented evidence to the court regarding petitioner's status as an armed career criminal, argued against these enhancements, and offered objections that petitioner had directed him to make - all of which were overruled or denied by the court:

> The Court: While it's a very lengthy one, it puts you not in the highest category per scoring with 11, it puts you in 5; but you go up to 6. And I know your attorney is protesting this on your behalf, but you go up to the highest level because you're deemed by the probation office to be an armed career criminal.
>
> There are other arrests and other pending charges, but they don't influence the scoring here.
>
> . . .
>
> Mr. Perry, you've sent to the Court character letters, and I've

4

|             | reviewed those. You've also noted on the record a number of objections. |
| ----------- | ----------- |
| . . .       |             |
| Mr. Perry:  | I would just mention to the Court – you may be seated – that we have reviewed and I've explained to my client my objections that he directed that I make, but we also understand what the prevailing law here is in the Fourth Circuit. |
| . . .       |             |
| The Court:  | Thank you, Mr. Perry. These objections that you have noted and your lawyer has put forward before you, I've carefully considered them, and, in light of the law of the circuit and the structure of the sentencing guidelines, the Court overrules or denies each and every one. |

(DE-56, pg. 3, 5-6).

Because petitioner fails to prove that his counsel's performance was objectively unreasonable or demonstrate that prejudice resulted from his counsel's errors, the undersigned finds that petitioner cannot sustain a claim of ineffective assistance of counsel as to his failure to present evidence claim. Therefore, it is **HEREBY RECOMMENDED** that the government's motion for summary judgment be **GRANTED** as to this claim.

**B. Failure to advise petitioner of appellate rights**

Petitioner claims that his counsel was ineffective insomuch as he failed to advise petitioner of his appellate rights. Specifically, petitioner claims that his counsel never advised him of his appellate rights prior to entering the plea agreement, and further claims that statements made by his counsel led petitioner to believed that he should not enter a direct appeal after sentencing. In a sworn affidavit (DE 51-1), counsel asserts that full discussions took place regarding the plea agreement and the appellate waiver. Likewise, counsel contends that: "[i]n discussing the matter in detail and the options of whether to appeal this matter, in spite of the Appeals Waiver, my client made the decision that it was in his best interest to try to obtain a Rule 35 after sentencing." (DE

51-1, pg. 1).

Moreover, the court informed petitioner that he was waiving his appellate rights:

| The Court: | Now, did Mr. Perry discuss with you the fact that this plea agreement contains, among other things, an appeal waiver, which makes it extremely difficult for you to appeal whatever sentence the chief judge advises? |
|---|---|
| The Defendant: | Yes, sir. |
| The Court: | Now, that says – I'm going to read it for you because I want to make sure you understand – that you waive knowingly and expressly all your rights conferred by 18 U.S.C. 3742 to appeal whatever sentence is imposed, including any issues that relate to the establishment of the advisory guideline range, reserving only the right to appeal from a sentence in excess of the applicable advisory guideline range established at sentencing. And you further have agreed to waive all your right to contest your conviction or sentence in any post-conviction proceeding, including one pursuant to 28 U.S.C., Section 2255, except for an appeal or motion based upon grounds of ineffective assistance of counsel or prosecutorial misconduct not known to you at the time of your plea, which is right now.

Do you understand that? |
| The Defendant: | (Nodding head in the affirmative.) |

(DE-55, pg. 8-9).

Petitioner that he was satisfied with his attorney's services, and that his attorney had been a "good attorney" for him (DE-55, pg. 5). Likewise, petitioner testified that he had heard and understood the court's explanation of the sentencing process (DE-55, pg. 9). Furthermore, petitioner testified that he had read and understood the terms of his plea agreement and had discussed the plea agreement with his attorney (DE-55, pg. 7-8). Finally, Petitioner testified that he had answered truthfully all of the court's questions (DE-55, pg. 10).

Allegations, such as petitioner's, in a § 2255 motion that directly contradict prior sworn

6

statements made during a properly conducted Rule 11 colloquy are always "palpably incredible" and "patently frivolous or false". United States v. Lemaster, 403 F.3d 216, 221 (4th Cir. 2005). For this reason, the undersigned finds that petitioner properly advised of his appellate rights by trial counsel.  Accordingly, Petitioner cannot satisfy Strickland, and  it is **HEREBY RECOMMENDED** that the government's motion for summary judgment be **GRANTED** as to this claim.

C. **Failure to file an appeal.**

Finally, the petitioner asserts in his accompanying handwritten affidavit (DE-53, pg. 2) that he attempted to contact counsel to request the filing of an appeal.   Petitioner further asserts that he "was hung up on repeatedly by counsel's secretary without ever taking the calls" (DE-53, pg. 2). In its reply to petitioner's affidavit, the government contends that:

> this new allegation is an important enough fact that it strains all credulity to believe that it was innocently omitted from the original motion, the logical inference being that [p]etitioner has simply made it up to bolster his claim. Credibility issues aside, however, a '[p]laintiff cannot, through a responsive brief, introduce new facts in support of his claims,' and such allegations must be stricken"

(DE-54, pg. 2-3)

The undersigned agrees. Under Rule 15 of the Federal Rules of Civil Procedure, the court should freely grant a party leave to amend his complaint even after responsive pleadings have been filed. Here, however, there is nothing in Petitioner's pleading which could be construed as a request for leave to amend. "Even under liberal rules of interpretation, a court should not be required to amend a complaint *sua sponte* every time a pleading is filed which arguably raises a new claim."  United States v. Jones, 842 F.2d 1293 (4th Cir. 1988)(unpublished opinion).

Moreover, even if Petitioner were permitted to amend his Motion to Vactate, his proposed

7

amended claims are now timed barred. Claims under 28 U.S.C. § 2255 are subject to a one-year statute of limitations. 28 U.S.C. § 2255(f). This limitation period runs from the latest of:

> (1) the date on which the judgment of conviction becomes final;
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.
> 28 U.S.C. § 2255(f)(1-4)
.
If a defendant does not timely appeal the trial court's final judgment, as in this case, his conviction becomes final 10 business days after entry of final judgment, when petitioner's opportunity to appeal expires. *See* Clay v. United States, 537 U.S. 522, 532 (2003); Fed. R.App. P. 4(b). Accordingly, Petitioner's conviction became final on September 25, 2008, ten business days after entry of final judgment. Therefore, Petitioner had until September 25, 2009 to timely file his § 2255 motion. Petitioner timely filed his Motion to Vacate on Septmber 1, 2009 (DE-48), however the claim that counsel failed to accept or return Petitioner's calls was not raised. Rather, Petitioner raises this claim for the first time in a handwritten affidavit filed on October 29, 2009 (DE-53). Although a petitioner may amend a § 2255 petition, if the amendment is filed more than one year after the conviction became final, then the claim in that amendment will generally be time barred. 28 U.S.C. § 2255 (2006). *See also*, United States v. Pittman, 209 F.3d 314, 317-318 (4th Cir. 2000); Barr-Hairston v. United States, 2007 WL 1574525 (W.D.Va. May 29, 2007).

Specifically, the undersigned finds that this claim does not relate back to Petitioner's original motion to vacate. Indeed, this claim in many ways contradicts the assertions made in his September 1, 2009 filing. On September 1, 2009 petitioner claimed that counsel failed to

8

properly advise him of his appellate rights. However in his October 29, 2009 filing, petitioner claims that he was aware of his appellate rights but counsel failed to answer or return his phone calls regarding the filing of an appeal.

Finally, Petitioner has failed to assert any facts which indicate that equitable tolling is appropriate for the untimely filing of this claim.

Therefore, it is **HEREBY RECOMMENDED** that the government's motion for summary judgment be **GRANTED** as to this claim.

### III. Conclusion

For the aforementioned reasons, it is **HEREBY RECOMMENDED** that the government's motion for summary judgment (DE-51) be **GRANTED** and Petitioner's Motion to Vacate (DE-48) be **DENIED**.

**SO RECOMMENDED** in Chambers at Raleigh, North Carolina this 9th day of June, 2010.

_____
WILLIAM A. WEBB
UNITED STATES MAGISTRATE JUDGE