IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:08-CR-18-FL-1
NO. 5:09-CV-390-FL

| | | |
|---|---|---|
| SCOTT ALEXANDER COCHRANE, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | ORDER |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

This matter is before the court on the government's ("respondent") motion for summary judgment[1] (DE #51) on the claims raised in petitioner's motion to vacate, set aside, or correct his sentence filed pursuant to 28 U.S.C. § 2255 ("motion to vacate") (DE #48). Petitioner responded to respondent's motion, and respondent filed a reply. United States Magistrate Judge William A. Webb issued a memorandum and recommendation ("M&R") wherein he recommended that the court grant respondent's motion for summary judgment and deny petitioner's motion to vacate. The time for objections to the M&R has passed without any party filing an objection. In this posture, the issues raised are ripe for ruling. For the reasons that follow, the court adopts the recommendations of the magistrate judge and GRANTS respondent's motion for summary judgment (DE #51) and DENIES petitioner's motion to vacate (DE #48).

Petitioner was charged in an indictment on January 9, 2008, with one count of felon in

---

[1] The government styles its motion as a motion to dismiss petitioner's § 2255 or in the alternative a motion for summary judgment. Because both parties have attached affidavits, the court will treat this motion as a motion for summary judgment. See Fed. R. Civ. P. 12(d).

possession of a firearm in violation of 18 U.S.C. § 922(g)(1) and 924(e). On June 3, 2008, petitioner pleaded guilty. Petitioner's guilty plea was memorialized in a plea agreement filed and approved by the court. In the plea agreement, petitioner agreed, *inter alia*:

> [t]o waive knowingly and expressly all rights, conferred by 18 U.S.C. § 3742, to appeal whatever sentence is imposed, including any issues that relate to the establishment of the advisory [g]uideline range, reserving only the right to appeal from a sentence in excess of the applicable advisory [g]uideline range that is established at sentencing, and further to waive all rights to contest the conviction or sentence in any post-conviction proceeding, including one pursuant to 28 U.S.C. § 2255, excepting an appeal or motion based upon grounds of ineffective assistance of counsel or prosecutorial misconduct not known to the [d]efendant at the time of the [d]efendant's guilty plea . . .

(DE #34, p. 2-9). On September 11, 2008, petitioner was sentenced as an armed career criminal to a one hundred eighty-eight (188) month term of imprisonment. Petitioner did not appeal his conviction.

Petitioner's § 2255 motion to vacate was timely filed on September 1, 2009. Title 28 U.S.C. § 2255 requires a petitioner to prove by a preponderance of the evidence that his "sentence was imposed in violation of the Constitution or laws of the United States, or that the Court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law." 28 U.S.C. § 2255(a). In his motion to vacate, petitioner contends that he received ineffective assistance of counsel. To prove ineffective assistance of counsel, petitioner must satisfy the two-prong test of Strickland v. Washington. 466 U.S. 668, 687 (1984). Petitioner initially must show that counsel's performance was deficient. Id. Petitioner then must show that the deficient performance prejudiced the defense in that counsel's errors were so serious as to deprive the defendant of a fair trial. Id. Petitioner must satisfy both prongs to succeed on his claim of ineffective assistance of counsel.

2

Respondent has moved for summary judgment on petitioner's motion to vacate. Summary judgment is appropriate when there exists no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). Summary judgment shall be granted where a party fails to make a showing sufficient to establish the existence of an essential element to his case and on which that party bears the burden of proof at trial. Celotex Corp. v. Catrett, 477 U.S. 317, 322-23 (1986). In the summary judgment determination, the facts and all reasonable inferences must be viewed in the light most favorable to the non-movant. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255 (1986).

The magistrate judge reviewed petitioner's motion along with respondent's motion for summary judgment and concluded that summary judgment in favor of respondent is appropriate on all of petitioner's claims.

Petitioner first claims that his counsel was ineffective in that his counsel did not present evidence to support his objections to the armed career enhancement. The magistrate judge concluded that petitioner failed to prove that his counsel's performance was objectively unreasonable because the record revealed that counsel presented evidence to the court regarding petitioner's status as an armed career criminal and argued against the enhancement. Further, counsel offered the objections that petitioner directed him to make, all of which were overruled or denied by the court. The magistrate judge therefore concluded that petitioner cannot sustain a claim of ineffective assistance of counsel as to his failure to present evidence claim. The court agrees, and GRANTS respondent's motion for summary judgment as to this claim.

The magistrate judge next addressed petitioner's claim that his counsel was ineffective in that he failed to advise petitioner of his appellate rights. Petitioner claims that his counsel did not advise

him of his appellate rights prior to entering the plea agreement, and that counsel led petitioner to believe that he should not enter a direct appeal after sentencing. The magistrate judge found that petitioner was properly advised of his appellate rights based on counsel's sworn affidavit that petitioner was advised in detail of the appellate waiver, petitioner's own statement at sentencing that counsel had been a "good attorney" for him, and the court's explanation of the appellate waiver at sentencing. The magistrate judge therefore concluded that petitioner cannot sustain a claim of ineffective assistance of counsel on this issue, and the court agrees. The court therefore GRANTS respondent's motion for summary judgment as to this claim.

Finally, petitioner asserts in his accompanying handwritten affidavit that he attempted to contact counsel to request the filing of an appeal, but that counsel would not communicate with him. Respondent argues that this allegation must be stricken because a plaintiff may not introduce new facts in support of his claims through a responsive brief. The magistrate judge observed that although Rule 15 of the Federal Rules of Civil Procedure advises courts to freely grant a plaintiff leave to amend his complaint, petitioner's pleading contains no request for leave to amend his motion to vacate. The magistrate judge further concluded that even if petitioner were granted leave to amend, the proposed amended claim would be time barred. Claims under 28 U.S.C. § 2255 are subject to a one-year statute of limitations. § 2255(f). The magistrate judge correctly determined that the statute of limitations for petitioner's claim expired on September 25, 2009. Petitioner's motion to vacate was timely filed on September 1, 2009. However, petitioner raised this particular claim for the first time in a handwritten affidavit filed on October 29, 2009, after the statute of limitations period had passed. The magistrate judge therefore concluded that petitioner's claim of ineffective assistance of counsel on this claim fails. The court agrees, and GRANTS summary judgment as to

4

this claim.

The court must now determine whether petitioner is entitled to a certificate of appealability. Rule 22(b)(1) of the Federal Rules of Appellate Procedure provides in pertinent part that a § 2255 applicant "cannot take an appeal unless a circuit justice or a circuit or district judge issues a certificate of appealability under 28 U.S.C. § 2253(c)." Fed. R. App. P. 22(b)(1). "A certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). An applicant satisfies this standard by demonstrating that reasonable jurists would find that any assessment of the constitutional claims by the district court is debatable or wrong and that any dispositive procedural ruling by the district court likewise is debatable. See Miller-El v. Cockrell, 537 U.S. 322, 336-38 (2003); Slack v. McDaniel, 529 U.S. 473, 484 (2000); Rose v. Lee, 252 F.3d 676, 683-84 (4th Cir. 2001).

After reviewing the claims presented in the petition in light of the applicable standard, the court finds that petitioner has failed to meet the requirements for a certificate of appealability. Petitioner failed to make a "substantial showing" of the denial of a constitutional right because reasonable jurists would not find the court's treatment of any of petitioner's claims debatable or wrong. None of the issues are adequate to deserve encouragement to proceed further. Accordingly, a certificate of appealability is denied.

Having carefully reviewed the filings in this case and the M&R, the court agrees with the conclusions reached by the magistrate judge and thus adopts his findings and recommendations. The court GRANTS respondent's motion for summary judgment (DE #51) and DENIES petitioner's motion to vacate (DE #48). The certificate of appealability is DENIED.

SO ORDERED, this the 19th day of October, 2010.

                                      LOUISE W. FLANAGAN
                                      Chief United States District Judge

6

Case 5:08-cr-00018-FL   Document 59   Filed 10/19/10   Page 6 of 6